82 July 23, 2025 No. 649

*This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Elsie BREEDEN,
*Plaintiff-Appellant,*

*v.*

Andrew TYSSEN,
*Defendant-Respondent.*

Yamhill County Circuit Court
21CV30811; A181095

Cynthia L. Easterday, Judge. (March 21, 2023 Judgment)

Ladd J. Wiles, Judge. (April 17, 2023 Order)

Argued and submitted December 4, 2024.

David Wallace argued the cause and filed the brief for appellant.

Billy M. Sime argued the cause for respondent. Also on the brief was Parks Bauer LLP.

Before Aoyagi, Presiding Judge, Lagesen, Chief Judge, and Joyce, Judge.*

LAGESEN, C. J.

Affirmed.

_____
* Lagesen, Chief Judge *vice* Mooney, Senior Judge.

**LAGESEN, C. J.**

This case, which was tried to a jury, arises out of a motor vehicle collision. Defendant admitted negligence, so the only issue submitted to the jury was damages. The jury ultimately awarded plaintiff approximately $78,000 in economic and noneconomic damages combined. The jury reached that result after having been instructed by the trial court through jury instructions, the verdict form, and in response to a juror question during deliberations, that the same nine jurors had to agree on the answers to each of the questions on the verdict form. Although plaintiff originally agreed that the "same nine" instruction was correct, having requested it herself and lodging no objection to the inclusion of the instruction on the verdict form, she assigns error to the trial court's decision to reiterate the instruction in response to a jury question about the "same nine" rule. She argues that on the facts of this case, it was error to instruct the jury that the same nine jurors had to agree as to each component of the damages award. We affirm because any error was harmless.

As noted, the only issue for the jury was damages. The verdict form directed the jury to determine the amounts of three categories of economic damages (past medical expenses, future medical expenses, and lost wages), as well as the amount of noneconomic damages. Consistent with UCJI 90.01, which both parties requested and the trial court delivered, the verdict form stated at the top that "[a]t least the same nine jurors must agree to the answer for each of the following questions that you answer."

During deliberations, the jury transmitted the following question:

> "Do the same nine jurors have to agree on each issue if nine agree on past medical expenses, do the same nine people have to agree on future medical expenses?"

At that point, plaintiff argued for the first time that the same nine jurors did not have to agree to the answer for each question. Defendant argued otherwise. The trial court concluded that the same nine did have to agree and stated that it would instruct the jury accordingly. The record does

not disclose what, precisely, the trial court told the jury in response to its question.

The jury returned a verdict indicating that nine jurors agreed with respect to the damages amounts for past medical expenses and noneconomic damages. The verdicts were unanimous with respect to future medical expenses and lost wages. A jury poll revealed that the same nine jurors agreed on the damages award for past medical expenses and the award for noneconomic damages. The trial court entered a general judgment and money award. Plaintiff appeals.

On appeal, plaintiff assigns error to the trial court's failure to instruct the jury, in response to its question, that the same nine jurors did not have to agree to the answer to each question, that is, that the concurrence of at least any nine jurors as to the answer to a particular question would result in a valid verdict. In support of that argument, plaintiff relies on *Kennedy v. Wheeler*, 356 Or 518, 341 P3d 728 (2014), which recognized that when a category of damages is independent of a different category of damages, then the verdict with respect to each category does not require the concurrence of the same nine jurors. 356 Or at 539-42 (explaining that proposition). In response, defendant does not dispute that, under *Kennedy*, the same nine jurors were not required to concur with respect to each category of damages. Instead, defendant argues that plaintiff, through her conduct of requesting the "same nine" jury instruction and in failing to object to the verdict form, failed to preserve or waived her challenge to the trial court's "same nine" instruction. Alternatively, defendant argues that any error by the trial court is harmless.

Although defendant's arguments with respect to preservation and waiver are not without some force given plaintiff's role in requesting the "same nine" instruction,[1] we ultimately agree with defendant's harmlessness argument.

_____

[1] Where those falter is on the particular facts of this case. Had the trial court ruled that plaintiff's challenge to the "same nine" instruction came too late, then defendant's arguments about preservation and waiver would fit more comfortably with the facts. As we understand its ruling, however, the trial court did not reject plaintiff's argument about the "same nine" instruction as too late. Instead, the court appears to have rejected it on its merits, concluding that the "same nine" instruction applied to the scenario presented by this case.

An error in instructing the jury "is harmless if there is little likelihood that the error affected the verdict." *Summerfield v. OLCC*, 366 Or 763, 781, 472 P3d 231 (2020). Said another way, for an instructional error to warrant reversal there must be "some likelihood" that it affected the verdict. *Purdy v. Deere and Company*, 355 Or 204, 232, 324 P3d 455 (2014). In assessing whether there is some likelihood that the error affected verdict, we conduct a whole record review to assess how, if at all, the error may have affected the jury's decision. *Id.* at 227-28.

On this record, there is little likelihood that any error with respect to the "same nine" concurrence instruction affected the verdict. The purpose of the "same nine" instruction is to ensure a constitutionally valid verdict when such jury concurrence is required. *Clark v. Strain, et al.*, 212 Or 357, 367-68, 319 P2d 940 (1958) (holding that verdict was invalid where requisite number of same jurors did not concur with respect to matters on which the same jurors were required to concur). The primary risk of harm in delivering the instruction in a case in which the "same nine" concurrence is not required is that the jury will reach a valid verdict that does not comport with the "same nine" instruction but the court will improperly reject the verdict. That harm does not materialize where at least the "same nine" jurors concur nevertheless and reach a valid verdict even though such concurrence was not required.

Arguing that we should reach a different conclusion, plaintiff posits that absent the instruction, the jury may have reached more favorable verdicts in one or both of the categories of damages in which the verdict was not unanimous. That prospect is entirely speculative on this record, and, in any event, there is little reason to think that the "same nine" instruction, which speaks to the process for rendering a verdict, likely would affect the substance of any individual juror's decision. The jury was instructed, among other things, that "[i]t is solely your responsibility to make all decisions about the facts in this case," and to "[k]eep in mind that each party is entitled to the considered decision of each juror." We presume that each juror followed and applied those instructions, and that their votes

as to damages reflected each juror's considered decision. *See Fulton Ins. v. White Motor Corp.*, 261 Or 206, 223, 493 P2d 138 (1978) ("We must presume that the jury followed the court's instructions.").

Affirmed.